UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 01-4072

ROBERT WAYNE GRUBB,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-00-15)

Submitted: December 19, 2001

Decided: January 15, 2002

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

## COUNSEL

Mary E. Harkins, Rocky Mount, Virginia, for Appellant. Ruth E. Pla-
genhoef, United States Attorney, Donald R. Wolthuis, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert Wayne Grubb pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999), possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000) (two counts), and possession of a firearm after having been convicted of a felony in violation of 18 U.S.C.A. § 922(g) (West 2000). His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but addressing: (1) whether the district court fully complied with Rule 11 in accepting Grubb's guilty plea; (2) whether the district court abused its discretion in denying Grubb's motion to withdraw his guilty plea; and (3) whether the district court properly applied the sentencing guidelines. Grubb has filed a pro se supplemental brief.

Grubb first claims that the district court failed to comply with Fed. R. Crim. P. 11 when it accepted his guilty plea. This Court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the transcript of the Rule 11 hearing and find that the district court fully complied with Fed. R. Crim. P. 11 in accepting Grubb's guilty plea.

Grubb next argues that the district court erred in denying his motion to withdraw his guilty plea. A defendant has no absolute right to withdraw a plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). This court reviews the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P.

32 for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). Rule 32 of the Federal Rules of Criminal Procedure permits withdrawal of a guilty plea if the "defendant shows any fair and just reason." Fed. R. Crim. P. 32(e).

A trial court, when considering whether to allow a defendant to withdraw a guilty plea, must apply the six-factor analysis announced by this court in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Under *Moore*, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *Id.* Although all the factors in *Moore* must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In his motion to withdraw his guilty plea, Grubb maintained that his plea agreement was not properly explained to him and after reading it several times after signing it, he realized there were provisions within the agreement with which he did not agree. Grubb's assertions are belied by his representations at the plea hearing. Furthermore, given the strong presumption given to a Rule 11 hearing, we find that the district court did not abuse its discretion in denying Grubb's motion to withdraw his plea.

Grubb also asserts that the district court did not sentence him in accordance with the sentencing guidelines. In his *Anders* brief, however, no error is assigned to the calculation of the guidelines. In any event, Grubb waived his right to appeal the court's application of the sentencing guidelines. In his plea agreement, Grubb agreed that after full and fair sentencing hearing, he would not then appeal sentencing

guidelines factors or the Court's application of the sentencing guidelines factors to the facts of his case. The plea agreement further provides that he knowingly and voluntarily waives any right to appeal sentencing guidelines factors, and that he is voluntarily willing to rely on the Court in sentencing him under the sentencing guidelines.

A review of Grubb's Fed. R. Crim. P. 11 plea hearing shows Grubb knowingly and voluntarily waived his right to appeal the sentence on the ground asserted. His challenge to the district court's application of the sentencing guidelines is therefore waived. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Hence, to the extent that Grubb seeks to contest the district court's application of the sentencing guidelines, we dismiss the appeal.

In accordance with the requirements of *Anders*, we have reviewed the record for potential error and have found none. We further find no merit to Grubb's claims raised in his pro se supplemental brief. Therefore, we affirm Grubb's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*